IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ORIYOMI SADIQ ALOBA,** | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 4:22-cv-047-O |
| **ERIC D. WILSON, Warden,** **FMC-Fort Worth,** | § § § § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are federal prisoner Oriyomi Sadiq Aloba's ("Aloba") amended petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 5), Warden Eric Wilson's response with an appendix (ECF Nos. 26, 27), and Aloba's reply (ECF No. 31). After considering the relief sought by Aloba, the record, related briefing, and applicable law, the Court concludes that Aloba's § 2241 petition should be **DISMISSED** for lack of jurisdiction.

**I.      BACKGROUND**

On July 2, 2019, a federal grand jury returned a 27-count superseding indictment against Aloba for his role in a phishing attack against the Los Angeles Superior Court. *United States v. Aloba*, No. 2:18-cr-083(B)-RGK-1, ECF No. 96; App. 29-30, ECF No. 27.  After a three-day trial, the jury convicted Aloba on all counts. *Id*., ECF Nos. 123-133; App. 32-33, ECF No. 27. In a judgment entered on October 23, 2019, Aloba was sentenced to 145 months' imprisonment. *Id,* ECF No. 158; App. 1-4, ECF No. 27. Aloba filed a direct appeal, and arguments were heard in the Ninth Circuit on March 9, 2022. *United States v. Aloba*, No. 19-50343 (9th Cir. Oct. 30, 2019 and March 9, 2022), ECF Nos. 1 and 95; App. 50-51, 69, ECF No. 27.  As of the date of this

1

order, Aloba's direct appeal is still pending in the Ninth Circuit. *United States v. Aloba*, No. 19-50343 (9th Cir.).[1]

Aloba initiated this case with the filing of a one-page document seeking relief under 28 U.S.C. § 2241. Pet., ECF No. 1. In response to a deficiency order, Aloba completed and filed a form petition under § 2241 as an amended petition. Am. Pet., ECF No. 5.

## II. CLAIMS FOR RELIEF

In his amended § 2241 petition, Aloba seeks relief under on the following grounds: (1) he was arrested without a warrant; (2) there was a search/seizure without a warrant or probable cause; (3) he has suffered alleged physical and mental harassment by the Department of Justice and the Bureau of Prisons and has been denied access to medical care needs; and (4) he has suffered alleged physical and mental harassment using "synthetic drugs in an attempt to destroy my sanity." Am. Pet. 5-6, ECF No. 5.

## III. ANALYSIS

### A. Aloba's Challenges to Conviction and Sentence (Grounds One and Two)

A writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A motion under § 2255 is the primary means of collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001) (per curiam) (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000) (per curiam)). By contrast, § 2241 is a means of attacking the manner in which a sentence is executed (e.g., for attacking how the Federal Bureau of Prisons calculates a release date when

---

[1]This Court takes judicial notice of the docket of the Ninth Circuit. *See* Fed. R. Evid. 201(b)(2) and (c)(1).

taking into account things like presentence time in custody). *See Tolliver*, 211 F.3d at 877; *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes–Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001)). The statutory "savings clause" provides as follows:

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the Court may consider a § 2241 petition attacking a sentence's validity only if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective." *See Tolliver*, 211 F.3d at 878; *see also Pack*, 218 F.3d at 452 (explaining that the petitioner has the burden to show that the § 2255 remedy is inadequate or ineffective so as to trigger the savings clause). The petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830.

The bar against filing successive § 2255 motions does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver*, 211 F.3d at 878. Further, if a petitioner never filed a first § 2255 motion, and is later barred from doing so by the applicable one-year statute of limitations, that does not render § 2255 inadequate. *See Loredo v. Joslin*, No. 3:04-cv-2070-N, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004), *rep. and rec. adopted*, 2004 WL 2600502 (N.D. Tex. Nov. 12, 2004). Instead, the Fifth Circuit has held that the savings

3

clause of § 2255(e) applies to a claim only if:

> (1) the [§ 2241] petition raises a claim "that is based on a retroactively applicable Supreme Court decision,"
>
> (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion," and
>
> (3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 895 (5th Cir. 2001))). When a petitioner cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, No. 4:16-cv-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher*, 342 F.3d at 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met)).

After considering Aloba's challenges to the issuance of a search warrant and lack of probable cause, the Court concludes that he has failed to demonstrate that he is entitled to relief under the savings clause. Although Aloba's petition is filed under § 2241, he does not complain about the execution of his sentence. Instead he complains about the original search and warrant for his arrest. Am. Pet. 5, ECF No. 5. Aloba can implicate the savings clause if he alleges "actual innocence"; however, such innocence claim must be based upon a new rule of law made retroactive by a Supreme Court case. *See Santillana*, 846 F.3d at 782. Aloba has not alleged the he is innocent based upon a newly issued Supreme Court decision.

Aloba's attempt to proceed under § 2241 fails at the threshold because he does not rely

4

on any "retroactively applicable Supreme Court decision" to establish that he is entitled to relief. *See Santillana*, 846 F.3d at 782. In order to satisfy this first prong of the Fifth Circuit's savings-clause test, a § 2241 petitioner must rely on a "*new* [Supreme Court] decision []," *i.e.*, a decision that was rendered after the petitioner's criminal conviction/appeal became final, and thus is "new" in the context of the petitioner's case. *Id.* at 782-83 (quoting *Garland*, 615 F.3d at 394) (emphasis added). Here, Aloba does not cite a new decision. In fact, he does not rely on any Supreme Court case in support of his claims.

Additionally, Fifth Circuit precedent requires Aloba to show that his claim was "foreclosed by circuit law at the time" of his trial or first § 2255 motion. *See Santillana*, 846 F.3d at 782. Aloba's claim does not satisfy the second prong of the test because it could have been raised on direct appeal or in an initial § 2255 motion, and Aloba fails to show that such a claim would have been foreclosed by Fifth Circuit precedent at that time.

Finally, given the shortcomings noted above, it is apparent that Aloba also fails to satisfy the Fifth Circuit's third requirement for proceeding under § 2241, because Aloba cannot point to any retroactively applicable Supreme Court decision showing that he may have been convicted of a non-existent offense. *See Santillana*, 846 F.3d at 782. Aloba does not argue that he has been convicted of a non-existent offense. For all of these reasons, Aloba has not shown that he may challenge his sentence through this § 2241 proceeding.[2]

---

[2]The Court declines to construe Aloba's § 2241 petition as a motion under 28 U.S.C. § 2255 because a defendant may not proceed via a § 2255 motion until his conviction has been affirmed on direct appeal. *See Zuniga v. Lynch*, 619 F. App'x 366, 367 (5th Cir. 2015) (citing *United States v. Bernegger*, 661 F.3d 232, 241 (5th Cir. 2011)). On similar facts, the Fifth Circuit affirmed the district court's dismissal of a § 2241 petition. *Id.* ("Zuniga's direct criminal appeal is currently pending. Thus, Zuniga has not shown that the district court erred in its dismissal of his § 2241 petition.")

### B. Aloba's Remaining Claims (Grounds Three and Four) are Not Cognizable in a § 2241 Petition

Aloba raises additional grounds for relief, including harassment by BOP officials and alleged denial of medical care while in BOP custody. Am. Pet. 6, ECF No. 5. A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). But habeas corpus review exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). "Simply stated, habeas is not available to review questions unrelated to the cause of detention." *Id.* at 935. Where a prisoner challenges the conditions of his or her confinement or prison procedures, the proper vehicle is a civil-rights action if a determination in the prisoner's favor would not automatically result in his or her accelerated release from custody. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). "The Fifth Circuit follows a bright-line rule: 'If a favorable determination . . . would not automatically entitle [the detainee] to accelerated release, . . . the proper vehicle is a [civil rights] suit.'" *Sacal-Micha v. Longoria*, 449 F. Supp. 3d 656, 662 (S.D. Tex. 2020) (quoting *Carson*, 112 F.3d at 820–21).

Unconstitutional conditions of confinement—even conditions that create a risk of serious physical injury or illness—do not result in accelerated release. *See Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson*, 112 F.3d at 820–21). Even allegations of mistreatment that amount to cruel and unusual punishment do not entitled the petitioner to release from prison. *See Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979). The proper remedy for unconstitutional conditions of confinement is equitable—to enjoin the unlawful

6

practices that make the conditions intolerable. *Id.* Thus, "allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) (citing *Spina v. Aaron*, 821 F.2d 1126, 1127–28 (5th Cir. 1987) (other citation omitted).

Moreover, a demand for release by Petitioner does not convert a conditions-of-confinement claim into a proper habeas request. *Rios v. Commandant, U.S. Disciplinary Barracks*, 100 F. App'x 706, 708 (10th Cir. 2004). "Tacking a traditional habeas remedy on to a prototypical conditions-of-confinement claim does not convert that classic civil rights claim into a habeas claim." *Archilla v. Witte*, No. 4:20-cv-596-RDP-JHE, 2020 WL 2513648, at *12 (N.D. Ala. May 15, 2020). It is well established in this circuit that a detainee is not entitled to habeas relief if he raises civil-rights claims related to the conditions of his confinement. *Sanchez v. Brown*, No. 3:20-cv-00832, 2020 WL 2615931, at *12 (N.D. Tex., May 22, 2020) (collecting cases).

Aloba's claims about his conditions of confinement do not raise any question related to the fact or duration of his detention. These claims, therefore, are not cognizable in habeas review, and the Court lacks jurisdiction to consider such claims. *See Cheek v. Warden*, No. 4:20-cv-677-P, 2020 WL 3637627, at *1 (N.D. Tex. July 1, 2020); *Provines v. Wilson*, No. 4:20-cv-475-O, 2020 WL 2762563, at *2 (N.D. Tex. May 20, 2020); *Sanchez*, 2020 WL 2615931, at *12. Aloba's conditions-of-confinement claims, even if proven to have merit, do not warrant any immediate or accelerated release. For these reasons, Aloba's additional grounds for relief (grounds three and four) asserting challenges to his conditions of confinement must be

dismissed.³

### III.  CONCLUSION and ORDER⁴

Because Aloba's challenges to his conviction and imposition of sentence (grounds one and two) do not satisfy the savings clause, and because his remaining claims challenging his conditions of confinement are not cognizable under § 2241, the Court concludes that it lacks jurisdiction to adjudicate them under § 2241.

Accordingly, it is **ORDERED** that Oriyomi Sadiq Aloba's amended petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.⁵

**SO ORDERED** on this **26th day** of **August, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

³This dismissal of claims challenging conditions of confinement brought under § 2241 on jurisdictional grounds, is without prejudice to Aloba's right to challenge any conditions of confinement in a civil-rights case. A review of PACER electronic court records shows that Aloba has filed ten lawsuits in the Northern District of Texas since December 8, 2021. Thus, he knows how to pursue such relief.

⁴The clerk of Court shall provide notice of this order and accompanying judgment to the Fifth Circuit in their pending case number 22-10821.

⁵Petitioner Aloba has filed a number of motions throughout the pendency of this case. *See* Motions, ECF Nos. 21, 23, 24, 28, 29, 31, 32, and 33. Because the Court has determined the § 2241 petition must be dismissed for lack of jurisdiction, all pending motions are terminated on the docket.